UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL D. ROSEN,

    Plaintiff,

v.                                  Case No. 1:22-cv-265-RH/MJF

THE STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## FIRST REPORT AND RECOMMENDATION

Plaintiff Samuel D. Rosen has filed a motion for partial summary judgment. Doc. 11. Rosen requests that the District Court grant summary judgment as to Rosen's claim that the Florida Rules of Judicial Administration "or, at a minimum, Rule 2.330. Thereof, are illegal, unconstitutional and violative of the basic principle of separation of powers." *Id.* at 1 (errors in original).

A court must grant summary judgment if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Wade v. Daniels*, 39 F.4th 1318, 1323 (11th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). Summary judgment is appropriate when the nonmoving party's "evidence is 'not significantly probative.'" *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1251 (11th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).

The undersigned respectfully recommends that Rosen's motion be denied for two reasons. First, Rosen has not filed a complaint that complies with the Federal Rules of Civil Procedure. *See* Docs. 1, 7, 9, 12. Indeed, the undersigned will recommend in a separate report and recommendation that this action be dismissed because Rosen's third amended complaint is a so-called "shotgun" pleading that violates Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure, and Rosen has failed to comply with the undersigned's orders to correct the deficiencies in his complaint.

Second, Defendants—all 43 of them—have not been served. Thus, it would be improper to grant Rosen's motion for partial summary judgment. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Rosen's motion for partial summary judgment. Doc. 11.

At Pensacola, Florida, this 23rd day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**