UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL D. ROSEN,

    Plaintiff,

v.                                                                                        Case No. 1:22-cv-265-RH/MJF

THE STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff Samuel D. Rosen, a lawyer proceeding *pro se*, has filed a third amended complaint.[1] Doc. 12. Rosen is suing 43 defendants. He asserts claims under 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act ("ADA"), and "other State and federal laws." He also asserts violations of the First, Fifth, Sixth,

---

[1] On December 15, 2022, the undersigned struck Rosen's first amended complaint and ordered Rosen to file a second amended complaint or a notice of voluntary dismissal. Doc. 8. On December 16, 2022, Rosen filed an untitled complaint that was docketed as Rosen's second amended complaint. Doc. 9; *id.* at 21 (dated December 16, 2022); *id.* at 27 (shipped on December 16, 2022). Rosen's second amended complaint was almost identical to his first amended complaint. *Compare* Doc. 7, *with* Doc. 9. Given that only a day elapsed between when the undersigned entered the December 15, 2022 order and when Rosen mailed his second amended complaint, it is unlikely that Rosen had the benefit of reviewing the undersigned's December 15, 2022 order before mailing the second amended complaint. Regardless, on January 17, 2023, Rosen filed another untitled complaint that was docketed as Rosen's third amended complaint. Doc. 12. For purposes of this report and recommendation, the undersigned treats Rosen's third amended complaint as his operative pleading.

and Fourteenth Amendments. The undersigned respectfully recommends that the District Court dismiss this action because Rosen's third amended complaint is a so called "shotgun" pleading that violates Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure, and Rosen has refused to comply with the undersigned's orders to correct the deficiencies in his complaints.

## I. BACKGROUND

On January 17, 2023, Rosen filed a third amended complaint. Doc. 12. He is suing 43 defendants, including:

- the State of Florida;
- Florida Governor Ron DeSantis;
- Charles T. Canady, the former Chief Justice of the Supreme Court of Florida;
- all but one of the judges on the Third District Court of Appeal of Florida;
- Jeffrey Levenson, a judge on the Seventeenth Judicial Circuit Court of Florida;
- Michael Hanzman, a judge on the Eleventh Judicial Circuit Court of Florida; and
- "John Does 1 to 20."

*Id.* at 1. Rosen does not identify "John Does 1 to 20" or elaborate as to how they are related to this action.

According to Rosen, he initiated this action to resolve a separation-of-powers conflict between section 38.10 of the Florida Statutes and Rule 2.330 of the Florida Rules of Judicial Administration. *Id.* at 2–3. Section 38.10 and Rule 2.330 address the disqualification of judges, with Rule 2.330 applying specifically to county and circuit judges. Fla. Stat. § 38.10; Fla. R. Jud. Admin. 2.330.

Under section 38.10, once a party "files an affidavit stating fear that he or she will not receive a fair trial . . . on account of the prejudice of the judge . . . against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by" Florida law "for the substitution of judges." Fla. Stat. § 38.10. Rule 2.330 sets forth, among other things, the requirements of a motion to disqualify, the grounds for seeking disqualification, the time for filing such a motion, and the procedure by which disqualification determinations are made. *See* Fla. R. Jud. Admin. 2.330(c)–(j).

Rosen alleges that the judicial-officer defendants have used Rule 2.330 to "avoid disqualification" and "openly discriminate against *pro se* parties like Rosen." Doc. 12 at 4. According to Rosen, the judicial-officer defendants have "read" section 38.10 "into oblivion." *Id.* at 4, 10. Rosen alleges, for example, that section 38.10 is "a self-executing, self-help provision" that requires the filing of only an affidavit, places no time limit on seeking disqualification, and makes no mention that the request to disqualify must be sufficient as a matter of law. *Id.* at 10–11. Rosen also

alleges that Rule 2.330's requirements, especially the time limitations on filing a motion to disqualify and a motion for reconsideration,[2] are unfair to *pro se* litigants. *Id.* at 11, 13. Rosen alleges that when he has attempted to exercise section 38.10's "unfettered right"—no fewer than "two dozen" times—he has "suffered the 'justice' of a kangaroo court, making a mockery out of Florida justice." *Id.* at 4–5. According to Rosen, he has attempted to exercise the right against "judges sitting in the County Court, in its Small Claims Division, in the 11th and 17th Circuit Courts, in the 3rd DCA, and in the Supreme Court of Florida." Doc. 12 at 4. His efforts have been unsuccessful. *Id.*

Some of the injuries Rosen allegedly has suffered as a result of attempting to disqualify judges under section 38.10 include:

- he "[h]as been adjudicated a vexatious litigator for interrupting his adversary to ask her to speak louder so he can hear";

- he "[h]as been repeatedly threatened with and actually adjudicated in contempt and repeatedly threatened with incarceration for doing nothing other than exercising his rights to communicate with the Courts –

---

[2] Rule 2.330's time limitation on filing a motion to disqualify is "within a reasonable time not to exceed 10 days after discovery of the facts constituting grounds for the motion and shall be promptly presented to the court for an immediate ruling." Fla. R. Jud. Admin. 2.330(e). Rule 2.330's time limitation on filing a motion for reconsideration is "within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist." Fla. R. Jud. Admin. 2.330(h).

- particularly Judges Hanzman and Levenson – by fax and mail rather than email";

- he "[h]as been fined a quarter of a million dollars with another three quarters of a million dollars pending against him in Passaro's fee apps"[3];

- he "[h]as been repeatedly denied his First Amendment rights including his right to free speech, his right to openly and freely communicate to other citizens, and his right to petition the government to redress grievances"; and

- Judge Levenson, who Rosen refers to as a "lunatic," issued an order that required Rosen to hire an attorney to represent him.

*Id.* at 5–7.

In his third amended complaint, Rosen uses one claim heading: "First Claim for Relief." *Id.* at 16. At the outset, it is unclear whether Rosen is asserting one claim or multiple claims. He requests a declaratory judgment "that the Florida Rules of Judicial Administration taken as a whole or even only to the extent that they purport to supersede 'statutes' . . . are illegal, unconstitutional and unenforceable under both the Constitution of the United States and the Constitution of the State of Florida." *Id.* Rosen does not identify what constitutional provision(s) the Florida Rules of

---

[3] "Passaro" apparently served as counsel for an opposing party in a case in which Rosen was the defendant and Judge Levenson was the presiding judge. Doc. 12 at 6, 24–26.

Page 5 of 13

Judicial Administration allegedly violate. Under that same heading, Rosen also asserts that Defendants have violated the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and "other State and federal laws," and mentions 42 U.S.C. §§ 1983 and 1985 and the ADA, 42 U.S.C. § 12101 *et seq*. Doc. 12 at 17–21.

Additionally, it is unclear against which defendants Rosen is asserting each claim or claims. For example, Rosen asserts a claim for a declaratory judgment against "all defendants." *Id.* at 16. But in the next paragraph, Rosen states that the claim for a declaratory judgment is asserted against "all defendants, and most particularly, all of the defendants/judges who, in the past, were either target judges on disqualification matters filed by" Rosen in particular cases or "who refused to step aside or were judges who upheld the refusal of other judges to enforce [section] 38.10 against other judges." *Id.* at 16–17. Thus, it is unclear whether Rosen is asserting this claim against "all defendants" or only the judicial-officer defendants that allegedly violated Rosen's rights in some respect.

As relief, Rosen requests the declaratory judgment mentioned above, an injunction prohibiting "all of the judge/defendants" from misusing the Florida Rules of Judicial Administration, $1 million in compensatory damages, and $5 million in punitive damages. *Id.* at 16, 20–21. Rosen initially mentions the request for damages in relation to former Chief Justice Canady, Judge Hanzman, Judge Levenson, and

all but one judge on the Third District Court of Appeal. *Id.* at 20. Later in his third amended complaint, however, Rosen states that he is requesting "damages against the State of Florida and all of its defendants/judges in this case, but most particularly judges Hanzman and Levenson for their additional misconduct of violating Rosen's rights of due process and of the ADA." Doc. 12 at 21. Thus, it is unclear whether Rosen is requesting damages from only some defendants or from all defendants.

## II. Discussion

A civil complaint filed in a federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A civil complaint filed in a federal court also must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*; *see Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[S]eparate, discrete causes of action should be plead in separate counts.").

A so-called "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324

(11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading fails to separate into a different count each cause of action or claim for relief. *Id.* at 1325 (citing *Weiland*, 792 F.3d at 1323). Another type "assert[s] multiple claims against multiple defendants without specifying which of the defendants . . . the claim is brought against." *Id.* (citing *Weiland*, 792 F.3d at 1323).

Shotgun complaints "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008)). Because it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations," when a district court receives a shotgun complaint, it is required to "strike [the complaint] and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

A.   **Plaintiff's Third Amended Complaint Fails to Comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure**

Rosen apparently is asserting claims under 42 U.S.C. §§ 1983 and 1985, as well as the ADA, and asserting that Defendants—all 43 of them—have violated the First, Fifth, Sixth, and Fourteenth Amendments and "other State and federal laws." Doc. 12 at 17–21. Rosen does not, however, separate and number each claim he asserts or relate his claims to the facts he alleges. For example, Rosen alleges the following under one heading:

> 20. This is a claim against all defendants for a Declaratory Judgment that the Florida Rules of Judicial Administration taken as a whole or even only to the extent that they purport to supersede "statutes" and its Rule 2.330 in particular, are illegal, unconstitutional and unenforceable under both the Constitution of the United States and the Constitution of the State of Florida.
>
> 21. This claim for relief is asserted against all defendants and, most particularly, all of the defendants/judges who, in the past, were either target judges on disqualification matters filled by [Rosen] in the "Rosen-Tiffany" cases or who refused to step aside or were judges who upheld the refusal by other judges to enforce Ch. 38.10 against other judges.
>
> 22. This claim is also asserted against the representatives/defendants of the other branches of Florida government who have stood by and allowed the misconduct engaged in by the defendant/judges and others have become complicit in said violations by the defendant/judges of the 1871 Civil Rights Act, 42 U.S.C., 1983, 1985.
>
> 23. The conduct of the defendants/judges herein refusing to themselves abide by Ch.38.10 as reported attempts by Rosen to disqualify themselves or to disqualify other judges who have taken action under color of State law per 42 U.S.C., section 1983, and when engaged in said conduct in concert, combination and/or conspiracy with others – like Passaro – her in conspiracy under 42 U.S.C., section 1985.

> 24. Further, the conduct of all of the defendants/judges complained of herein violate their oaths of office and violate other State and federal laws as well as the rights of Plaintiffs. These include the First, Fifth and Sixth Amendments to the U.S. Constitution as made applicable to the States by the Fourteenth Amendment by federal law pursuant to the [ADA] and other federal and state statutes passed by Congress (or the Florida Legislature) . . . .
>
> . . .
>
> **WHEREFORE**, [Rosen] seeks damages against the State of Florida and all of its defendants/judges in this case, but most particularly judges Hanzman and Levenson for their additional misconduct of violating Rosen's rights of due process and of the ADA in refusing to accommodate Rosen's disabilities.

Doc. 12 at 16–18, 21 (errors in original) (footnote omitted).

These allegations, and other similar allegations in Rosen's third amended complaint, violate Federal Rule of Civil Procedure 10(b) because they fail to separate into a separate count each claim founded on a separate transaction or occurrence. *See* Fed. R. Civ. P. 10(b). Paragraph 24, for example, mentions purported violations of four constitutional amendments and "other federal and state statutes."

Additionally, Rosen's third amended complaint violates Federal Rule of Civil Procedure 8(a) in at least three respects. First, it is unclear against which defendant each claim is asserted. Rosen repeatedly uses the moniker "defendants/judges." In doing so, Rosen fails to specify whether he is asserting claims against all of the defendants or just the judicial-officer defendants. Additionally, because Rosen fails

to provide any indication as to who "John Does 1 to 20" are, it is unclear if Rosen is even suing these unnamed individuals.

Second, it is unclear the precise nature of each claim Rosen is asserting. Rosen requests that the District Court find that the Florida Rules of Judicial Administration "are illegal, unconstitutional and unenforceable under both the Constitution of the United States and the Constitution of the State of Florida." Doc. 12 at 16. As the undersigned previously advised Rosen, "there are numerous constitutional provisions under which one could allege that something is 'unconstitutional.'" Doc. 8 at 7. The undersigned also previously advised Rosen that section 1985 provides a cause of action for victims of conspiracies aimed at interfering with *specific* civil rights and that Rosen should specify under which subsection of section 1985 he is asserting a claim. Doc. 4 at 8; *see Chua v. Ekonomou*, 1 F.4th 948, 955 (11th Cir. 2021) ("As codified, [section 1985] is divided into three subsections that address different types of conspiracies.") (citing *Kush v. Rutledge*, 460 U.S. 719, 724 (1983)). Rosen again failed to identify the relevant constitutional provision(s) and the relevant subsection(s) under section 1985.

Finally, Rosen alleges that "all of the defendants/judges . . . violate[d] other State and federal laws." Doc. 12 at 17. By simply saying "other State and federal laws," Rosen fails to identify each claim he is asserting.

For the reasons set forth above, Rosen's third amended complaint is a shotgun pleading that violates Federal Rules of Civil Procedure 8(a) and 10(b). For this reason alone, the District Court should dismiss this action.

**B.     <u>Plaintiff Failed to Comply with the Undersigned's Orders</u>**

The District Court should dismiss this action for a second reason: Rosen's failure to comply with the undersigned's orders.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see* C*ostello v. United States*, 365 U.S. 265, 286–87 (1961); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

The undersigned previously advised Rosen to use headings to separate multiple claims and specify against which defendant each claim is asserted. Doc. 4 at 7–8, 10–12; Doc. 8 at 5–8, 13–14. Rosen contumaciously disregarded these instructions and thereby violated the orders issued by the undersigned. Furthermore, although *pro se* allegations are liberally construed, Rosen is, or at least was, a licensed attorney. Doc. 12 at 8 n.3; *see* Doc. 1 at 7 (alleging that "there is not a single judge in the State of Florida who has the credentials and professional success record that Rosen has"). Thus, Rosen's third amended complaint is not entitled to the liberal construction *pro se* pleadings typically receive. *See Chestnut v. Tomasino*, 4:19-cv-

271-RH/MJF, Order, Doc. 11 at 2 (noting that a *pro se* attorney "must meet the obligations[] of an attorney").

Because Rosen failed to comply with the undersigned's orders, the District Court also should dismiss this action for this second reason.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 23rd day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(E);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**